**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

JAN 2 6 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK J. NEER,

    Plaintiff,

v.

PRODUCTIVE ELECTRONICS, LLC,
A Georgia limited liability company,

    Defendant.
_____/

CASE NO.

**1 06-CV-0180**

## COMPLAINT

Plaintiff, MARK J. NEER, by and through his undersigned attorney hereby sues Defendant, PRODUCTIVE ELECTRONICS, LLC, and says:

1. Plaintiff is a resident of Broward County, Florida over the age of eighteen years and otherwise sui juris.

2. Defendant is, and at all times mentioned herein was, a limited liability company organized and existing under and by virtue of the laws of the State of Georgia with its principal place of business in Gwinnett County, Georgia.



## COUNT ONE

3.  Plaintiff realleges and reavers the allegations contained in paragraphs 1 and 2 above as though same were fully rewritten and says:

4.  This action arises under the Act of July 19, 1952, 66 Stat. 812 (35 U.S.C. § 281) and the Act of June 25, 1948, 62 Stat. 931 (28 U.S.C. § 1338(a)), as more fully appears below.

5.  Pursuant to 28 U.S.C. § 1400(b) venue is proper in this Court.

6.  Plaintiff is the original inventor of a device for the detection monitoring for authorized and unauthorized telephone connections including loop bridging wiretapping equipment on the user's local telephone loops where electrical changes in loop impedance condition and characteristics occur because of the connections and/or disconnections of the bridging equipment. On August 25, 1992 United States Letters Patent No. 5,142,560 were duly and legally issued to Plaintiff for such invention, and since that time Plaintiff has been, and still is the sole owner thereof. A copy of Letters Patent No. 5, 142,560 is attached hereto, marked Exhibit "A" and made a part hereof.

7.  Since in or about the year 2001 Plaintiff has commercially exploited Plaintiff's invention by manufacturing or having manufactured for his account and selling the device as described in Plaintiff's letters of patent. Each device

manufactured by or for Plaintiff has packaging with a label or printing therein marked Patent No. 5, 142,560. At all times pertinent hereto Defendant knew of the existence of Plaintiff's letters of patent and their contents.

8. Defendant's place of business is located at 6500 McDonough Dr., Suite D3, Norcross, Georgia. At that place of business Defendant has been, and still is, infringing Plaintiff's letters patent by making, or having made for its account, displaying, advertising, selling and using a device exactly like that specified in Plaintiff's patent aforesaid. Such infringement is, and at all times mentioned has been, deliberate, intentional, and with full knowledge of the existence and validity of Plaintiff's patent.

9. Such infringement is injuring Plaintiff in that it is diverting from Plaintiff to Defendant customers who would otherwise buy Plaintiff's device from him at the prices charged by Plaintiff. Because the damages Plaintiff has sustained and will incur in the future on account of Defendant's infringement are uncertain and impossible to calculate accurately Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff, MARK J. NEER, requests that:

> a. It be adjudged that Plaintiff' patent has been infringed by Defendant;

3

b. Defendant be permanently enjoined from further infringing Plaintiff's patent;

c. Defendant be required to account for its profits from infringement of Plaintiff's patent;

d. It be adjudged that Defendant is liable to Plaintiff to the extent of Defendant's total profit realized from such infringement, but not less that $250.00, as provided by 35 U.S.C. § 289;

e. Plaintiff be awarded damages against Defendant in an amount adequate to compensate Plaintiff for such infringement and not less that a reasonable royalty for the use made of Plaintiff's invention by Defendant, together with interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

f. Plaintiff be awarded an additional sum of $250,000.00, on account of the willful and intentional character of Defendant's infringing acts, as provided by 35 U.S.C. § 284;

g. Plaintiff be awarded his reasonable attorney's fees incurred herein, as provided by 35 U.S.C. § 285; and

h. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT TWO

10. Plaintiff realleges and reavers the allegations contained in paragraphs 1 and 2 hereinabove, and would say:

11. This is an action for unfair competition and tradename, trademark, and service mark infringement or Plaintiff's well known name and mark "Comsec C3i-II". It arises under the laws of the United States, including the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., relating to unfair competition and to tradename, trademark, and service mark infringement.

12. The Court has jurisdiction over the subject matter and the parties under 15 U.S.C. §§ 1121 and 1125(a), as well as the provisions of 28 U.S.C. §§ 1331; 1337(a), (c); 1338(a), (b).

13. Since 1992 Plaintiff has used and is using, the tradename, trademark and service mark "Comsec 3Ci-II", in connection with the advertising, promotion and conduct of his business of manufacture and sale of the device described in Count One hereinabove. Plaintiff first used the name and mark "Comsec C3i-II" connection with his product in 1992.

14. By virtue of extensive and substantial advertising, promotion of his business, sales of goods, and rendition of substantial and widespread service under the tradename, trademark, and service mark "Comsec C3i-II" and because of

Plaintiff maintenance of high quality standards relating to such services and products, the name and mark have become widely known by the public as indicating a source or origin of services and goods in Plaintiff.

15. Plaintiff is informed and believes, and on such information and belief alleges, that sometime in 2003, Defendant adopted and commenced use of the name "Comsec C3i-II" with the intention of competing unfairly with Plaintiff. Defendant has misappropriated the name "Comsec C3i-II" by using it in connection with the manufacture, advertising, promotion and sale of goods identical to Plaintiff's goods as more fully described in Count One hereinabove. Since adoption of the name and mark "Comsec C3i-II" by Defendant, public confusion has arisen, and is likely to continue, as to the source and origin of Defendant's goods.

16. Plaintiff is informed and believes, and on such information and belief alleges that Defendant had actual knowledge of Plaintiff's ownership of the tradename, trademark or service mark "Comsec 3Ci-II" prior to the first adoption or use by Defendant of such tradename, trademark or service mark.

17. Defendant has neither sought nor obtained permission of Plaintiff to use "Comsec C3i-II" in connection with Defendant's business.

18. The name and mark "Comsec C3i-II", adopted by Defendant for use in its business, incorporates the distinguishing feature of Plaintiff's tradename, trademark and service mark, and its use by Defendant is irreparably damaging Plaintiff.

19. Defendant's use of the designation "Comsec C3i-II" in advertising, promoting and conducting its business in the manner complained of constitutes unfair competition with Plaintiff under 15 U.S.C. § 1125(a). Such use of Plaintiff's name and mark constitutes a false designation of origin or a false description or representation of the source of origin of Defendant's business and services. Such use results in unfair competition with Plaintiff, in that persons are likely to be confused or misled into the belief, contrary to fact, that Defendant's business and services are sponsored by or endorsed by or emanate from Plaintiff or are otherwise connected with Plaintiff. Such use therefore causes irreparable harm and damage to Plaintiff and to its good will in its tradename, trademark and service mark.

WHEREFORE, Plaintiff requests:

    a. Defendant, its agents, servants, and employees, and all other persons and firms acting on behalf of or in active concert with Defendant, be enjoined during the pendency of this action from

using the tradename, trademark or service mark "Comsec C3i-II", in connection with the promotion, advertising, and conduct of Defendant's business, and in particular in connection with the device as described in Count One of this complaint;

b. After final hearing of this matter, Defendant, its agents, servants, and employees, and all other persons and firms acting on behalf of or in active concert with Defendant, be enjoined permanently from using the tradename, trademark, or service mark "Comsec C3i-II" in connection with the promotion, advertising, or conduct of Defendant's business, and in particular in connection with the device as described in Count One of this complaint;

c. That Defendant account for and pay over to Plaintiff all profits realized by Defendant from sales of products bearing the tradename, trademark of service mark "Comsec C3i-II" or any imitation of Plaintiff's trademark;

d. That Plaintiff receive his costs, including his reasonable attorney' fees incurred in this action; and

e. For such other and further relief as the Court deems just and proper.

This 25th day of January, 2006.

                                            DEMING, PARKER, HOFFMAN, GREEN,
                                            CAMPBELL, & DALY, LLC

                                            _____
                                            Beverly R. Adams
                                            Georgia Bar No. 665699
                                            Attorney for Plaintiff

4851 Jimmy Carter Boulevard
Norcross, Georgia   30093
(770) 564-2600

9

*signature*
MARK NEER

## VERIFICATION PAGE

BEFORE ME, the undersigned authority, personally appeared MARK NEER who after being by me first duly sworn deposes and states that he executed the foregoing Complaint and the facts contained therein are true and correct to the best of his knowledge and belief.

SWORN TO and subscribed to before me this the ____ day of December 2005

_____
NOTARY PUBLIC

✓ Personally known
____ I.D. Provided/Type of I.D. Provided



DEBORAH BOTERO
MY COMMISSION # DD 31977
EXPIRES August 11, 2008
Bonded Thru Budget Notary Services

# USPTO Patent Full-Text and Image Database

| Home | Quick | Advanced | Pat Num | Help |

Bottom

View Cart | Add to Cart

Image

EXHIBIT A

( 1 of 1 )

**United States Patent**     5,142,560
**Neer**     August 25, 1992

*Wiretap detector and telephone loop monitor*

## Abstract

A novel method and improved system for the continuous detection monitoring of authorized/unauthorized connections/disconnections including loop bridging wiretapping equipment capable of monitoring recording voice and/or data communications on the subscriber's local telephone loop In operation the detector monitor displays electrical changes in impedance condition and characteristics on the subscriber's local telephone loop to detect and monitor signaling, switching equipment and telephone lines connecting/disconnecting anywhere on the loop including the central exchange before, during and after the completion of a telephone call continuously

| | |
|---|---|
| Inventors | **Neer; Mark J.** (835 Locust, Winnetka, IL 60093) |
| Appl No | 587413 |
| Filed | **September 25, 1990** |

| | |
|---|---|
| **Current U.S. Class:** | 379/7, 379/21, 379/30 |
| **Intern'l Class:** | H04M 001/68 |
| **Field of Search:** | 379/7,21,29,30,39,35 |

### References Cited [Referenced By]

#### U.S. Patent Documents

| | | | |
|---|---|---|---|
| 1834992 | Dec, 1931 | Almquist | 379/21 |
| 4658099 | Apr, 1987 | Frazer | 379/7 |
| 4680783 | Jul, 1987 | Boeckmann | 379/7 |
| 4760592 | Jul, 1988 | Hensley | 379/7 |

#### Foreign Patent Documents

| | | | |
|---|---|---|---|
| 58-143659 | Aug, 1983 | JP | 379/7 |

*Primary Examiner:* Schreyer, Stafford D

## *Claims*

I claim

1 An apparatus for detecting the connecting and the disconnecting of an additional telephone line onto the subscriber's telephone loop for the purpose of listening and/or recording, the telephone loop connecting a subscriber with at least one telephone to a central exchange and having a generally constant electrical impedance, comprising

(a) a capacitive element for detecting changes to said generally constant electrical impedance,

(b) display means cooperating with and connected to said capacitive element for visually showing that a change has been detected by said capacitive element, and

(c) means for connecting the apparatus to the telephone loop

2 The apparatus of claim 1, wherein said capacitive element is a capacitor connected in series to the telephone loop

3 The apparatus of claim 1, wherein said display means is a LED

4 The apparatus of claim 1, wherein said means to connect comprises a quick connect/disconnect line and jack

5 An apparatus for continuously monitoring changes in impedance caused by the connecting or the disconnecting of an additional impedance source to a telephone loop connecting a subscriber with at least one telephone to a central exchange and having a generally constant electrical impedance, comprising

(a) a capacitive element for detecting changes to the generally constant electrical impedance,

(b) an isolation transformer having primary and secondary windings, said primary windings being connected to said capacitive element,

(c) display means connected to said secondary windings for visually showing that a change has been detected by said capacitive element, and

(d) means for connecting the apparatus to the telephone loop

6 The apparatus of claim 5, wherein said capacitive element is a capacitor connected in series to the telephone loop

7 The apparatus of claim 5, wherein said display means is a LED

8 The apparatus of claim 5, wherein said means to connect comprises a quick connect/disconnect line and jack

9 The apparatus of claim 1 wherein said means for connecting the apparatus to the telephone loop

additionally includes a switching mechanism connected in series with said capacitive element to the telephone loop

10 The apparatus of claim 9, wherein said display means comprises an easily removable/replaceable LED mounted in a socket assembly

11 The apparatus of claim 5 wherein said means for connecting the apparatus to the telephone loop additionally includes a switching mechanism connected in series with said capacitive element to the telephone loop

12 The apparatus of claim 11, wherein said display means comprises an easily removable/replaceable LED mounted in a socket assembly

## Description

## BACKGROUND

1 Field of Invention

This invention relates to the detection monitoring of authorized/unauthorized connections/disconnections including loop bridging wiretapping equipment on the subscriber's local telephone loops where electrical changes in loop impedance condition and characteristics occur because of the connections/disconnections of the briding equipment

2 Description of Prior Art

There are many devices available that have been developed for both legal and illegal wiretapping of telephone communications A very common type of wiretapping consists of a bridging device that creates a remote extension or drawn loop by connecting an additional telephone line on the subscriber's telephone loop and routing it to an observation monitoring location This loop bridging wiretapping technique will cause a change in loop impedance condition and characteristics depending on how the tapping is completed

In the prior art, wiretap detectors exist that utilize microcomputers and processors, various meters, signal generators, tone generators, etc , that detect wiretapping equipment connected to a telephone line but are either simple voltage meters that are ineffective, limited, detachable and defeatable, too expensive and/or complicated equipment that is burdensome and obtrusive to use on a continuous basis or must be installed on a clean line only

## OBJECTS AND ADVANTAGES

This invention presents a new device, method and system that displays connections and disconnections anywhere on the subscriber's local telephone loop including the central exchange of the telephone company before, during and after the completion of a call on a continuous basis Each telephone call produces a signature or pattern of connections and disconnections This invention present the first continuous display of normal/abnormal telephone loop electrical changes in impedance condition and characterization activity resulting from signaling, switching and wiretapping monitoring equipment connecting/disconnecting

The present invention is easy to use, highly reliable, undetectable, small, portable, and discreet which presents a novel method and an improved system for detecting monitoring authorized/unauthorized connections/disconnections including wiretapping monitoring recording equipment which overcome all of the above mentioned disadvantages of the previously known devices

It is the object of this invention to show how authorized/unauthorized connections/disconnections including loop bridging wiretapping equipment can be detected and monitored on the subscriber's loop by subscriber's telephone terminal(s) equipped with said invention

DRAWING FIGURES

FIG 1 is a diagram of a local telephone system

FIG 2 is a diagram of the wiretap detector and telephone loop monitor in alternate forms, in accordance with the present invention

FIG 3 is a diagram of the preferred assembled invention in accordance with the present invention

FIG 4 is a diagram of the detector monitor display socket assembly

REFERENCE NUMERALS IN DRAWINGS

10 local telephone central exchange

20 subscriber's local telephone loop

30 subscriber's residence telephone terminal(s)

40 capacitive element

50 detector monitor display assembly

60 isolation transformer

70 switching mechanism

80 modular telephone line

90 modular telephone line jack

100 modular telephone interface housing

DESCRIPTION OF INVENTION

This invention presents a novel method and improved system that detects and monitors authorized/unauthorized connections/disconnections including loop bridging wiretapping equipment that causes electrical changes in impedance condition and characteristics on the subscriber's local telephone loop to detect signaling, switching equipment and telephone lines connecting/disconnecting anywhere on the loop including the central exchange continuously

By continuously monitoring the subscriber's telephone loop impedance condition and characteristics, it

is possible to detect normal as well as abnormal connections and disconnections Connections and disconnections effect changes in impedance characteristics on the subscriber's telephone loop and are the indication of wiretapping monitoring equipment connecting/ disconnecting By detecting connections/disconnections it is possible to determine authorized/unauthorized connections/disconnections including wiretapping equipment on the loop The proposed method and system comprises of monitoring the device's display to establish a normal signature or pattern of telephone loop characteristics from an abnormal signature or pattern resulting from additional extensions, either at the subscriber's residence or remotely connecting/disconnecting on the telephone loop

OPERATION OF THE PREFERRED EMBODIMENT

Further objects and advantages of said invention will become apparent from a consideration of the drawings and ensuing operation of it Each of the elements included therein can assume several different forms, all of which would be well known to those skilled in the art, and it only be required that they perform the functions set forth herein after

Referring first to the diagram of FIG 1, it should be noted that FIG 1 details a local telephone system As seen in FIG 1, a local telephone system comprising of the telephone company's central exchange 10 a subscriber's local telephone loop 20 and a subscriber's residence telephone terminal(s) 30

Referring to FIG 2, there are four presented embodiments of said invention, embodiment 2 is the preferred embodiment As seen in FIG 2, embodiment 1 comprising capacitive element 40 detector monitor display assembly 50

As seen in FIG 2, preferred embodiment 2 comprising capacitive element 40 isolation transformer 60 display assembly 50

As seen in FIG 2, embodiment 3 comprising capacitive element 40 display element 50 switching mechanism 70

As seen in FIG 2, embodiment 4 comprising capacitive element 40 isolation transformer 60 display assembly 50 switching mechanism 70

As seen in preferred embodiment 2, side one of the capacitive element 40 is connected to either the Tip or Ring side of the subscriber's telephone loop 20 Side two of the capacitive element 40 is connected in series to the isolation transformer 60 primary's side one The isolation transformer 60 primary's side two is then connected to the alternate side of the subscriber's telephone loop 20 The isolation transformer 60 secondary is connected to the display assembly 50

Once the detector monitor is connected to the loop 20 the device continuously detects and monitors electrical changes in impedance condition and characteristics on the loop 20 reporting each authorized/unauthorized connections/disconnections, as well as tampering and changes in loop signature pattern characteristics

SUMMARY, RAMIFICATIONS, AND SCOPE

Each connection and disconnection on the subscriber's local telephone loop creates electrical changes in loop impedance condition and characteristics Each telephone call creates a series of normal connections and disconnections on the loop, the device's display creates a signature or pattern The system comprises of monitoring the device's display to each cell By detecting electrical changes on the loop it is possible

to establish a normal pattern of loop activity from an abnormal one

The preferred method and system comprises of connecting and monitoring the display assembly to establish a normal signature or pattern of loop impedance conditions and characteristics from an abnormal one resulting from additional connections/disconnections and tampering on the loop

The device detects and monitors authorized/unauthorized connections and disconnections before, during and after the completion of a call on a continuous basis

It would be obvious to those skilled in the art that numerous identifications could be made to the method and system of the present invention without departing from the spirit of the invention, which shall be limited only by the scope of the claims appended hereto

\* \* \* \* \*

